UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WARREN WILDER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-1277 |
| | § | |
| TITAN CHEMICAL CORP. BHD, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Before the Court is the defendants', Lotte Chemical Titan Holding Sendirian Berhad f/k/a Titan Chemicals Corp., Sendirian Berhad ("Titan Chemicals") and Lottle Chemical Titan (M) Sendirian Berhad f/k/a Titan Petchem ("Titan Petchem") joint motion to dismiss the plaintiff's suit, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(3) for improper venue and based on *forum non conveniens* [Dkt. No. 8]. The plaintiff, Warren Wilder, responded [Dkt. No. 19], to the motion and the defendants have replied [Dkt. No. 23]. Having considered the parties' documents, the Court determines that the defendants' motion to dismiss should be denied.

**II.   FACTUAL BACKGROUND**

The plaintiff brings this breach of contract suit against the defendants based on his claim that the defendants failed to pay him all of the compensation due him under an Employment Agreement. He asserts that on or about July 10, 2008, after a series of meeting in Houston, Texas with officials of the defendants, he entered into an Employment Agreement with Titan Petchem to serve as Managing Director of Titan

Chemicals. According to the terms of the Agreement, the plaintiff was responsible for the day-to-day operations of Titan Chemicals, its business development, and for its successful and profitable operations. The plaintiff, in exchange, was to receive a specific salary and, as well, "a performance-based annual short-term bonus payment."

In 2010, Honam Petrochemical Corp., a Chinese company, acquired controlling ownership of both, Titan Chemicals and Titan Petchem. Anticipating this change, the defendants modified the plaintiff's Employment Agreement. Later, a discussion between James Chao, the new Executive Chairman of Titan Chemicals, and the plaintiff, concerning whether the plaintiff would stay on and serve as co-managing director of Titan Chemicals with Lee Hunki. The plaintiff declined the offer and notified Titan Petchem that he would exercise the exit options under the Employment Agreement effective November 9, 2010. A severance pay discussion occurred between the plaintiff and Chao resulting in an agreement entitled "Final Compensation as of 9 November 2010." This compensation agreement was prepared in Malaysia and provided for severance pay in the amount of $496,921. The plaintiff agreed, executed the document and received the funds, minus $74,000 in estimated income taxes on his pay. This withholding was anticipated and pursuant to the equalization provision of the plaintiff's Employment Agreement.

The plaintiff's separation from employment did not end his relationship with the defendants. He entered into a separate Consulting Agreement with the defendants. Under the terms of the Consulting Agreement, the plaintiff would receive $60,000 for his services through December 31, 2010, and an additional $30,000, within the discretion of

the defendants, in the event the plaintiff's services were determined to be "satisfactory." The plaintiff was paid the $60,000 due, but was not paid the additional $30,000.

In late 2011 and in 2012, the plaintiff was notified that a tax equalization payment was due in the amount of $179,220. According to the defendants, the plaintiff has failed and refused to pay the taxes due. In the interim, and before returning to the United States, the plaintiff worked for another company in Mumbai, India. During this period, the plaintiff did not respond to the defendant's correspondences. However, after returning to the United States, the plaintiff responded by filing this suit.

### III.  THE PARTIES CONTENTIONS

The defendants contend that the plaintiff's suit should be dismissed because the forum chosen by the plaintiff is an improper one. In this regard, the defendants assert that: (a) Titan Chemicals, not a party to the Employment Agreement although sued by the plaintiff; (b) Titan Chemicals is entitled to enforce the forum selection clause contained in the Employment Agreement; (c) even through a non-signatory to the Agreement, Titan Chemicals, as the sole shareholder of Titan Petchem, is so closely related to Titan Petchem that it is entitled to enforce the forum selection clause in the Equal Employment Agreement; and (d) there is no indication that Titan Chemicals committed an act or omission independently of the alleged acts and omissions of Titan Petchem. Therefore, the defendants contend, the plaintiff's suit should be dismissed based on the exclusive jurisdiction forum clause that selects Malaysian courts as the forum for disputes arising under the Employment Agreement. Alternatively, the defendants seek dismissal under the doctrine of *forum non conveniens*.

The plaintiff does not dispute that the Employment Contract is between Titan Petchem and himself and that Titan Chemicals is not a signatory to the Agreement. He does, however, dispute the defendants' interpretation of the forum selection clause. He argues that the plain language of the forum selection clause, when read "as a whole", should be construed to mean that the parties may submit their claims to any court of competent jurisdiction so long as Malaysian law is applied. In addition to his plain language argument, the plaintiff asserts that the "bargained-for language" concerning forum selection "trumps" any claim by the defendants that the common law doctrine of *forum non conveniens* should apply.

## IV.    STANDARDS OF REVIEW

### A.    *Federal Rule of Civil Procedure 12(b)(3)*

"Federal Rule of Civil Procedure 12(b)(3) permits a defendant to [timely] move to dismiss an action on the basis of improper venue." *Laserdynamics Inc. v. Acer Am. Corp.,* 209 F.R.D. 388, 390 (S.D.Tex.2002) (internal citations omitted); *De Joseph v. Odfjell Tankers (USA), Inc.,* 196 F.Supp.2d 476, 479 (S.D.Tex.2002) (internal citations omitted). The majority of courts conform to the standard that once a defendant has raised the improper venue issue by motion, the burden of sustaining venue rests with the plaintiff. *McCaskey v. Cont'l Airlines, Inc.,* 133 F.Supp.2d 514, 523 (S.D.Tex.2001) (internal citations omitted); *Bigham v. Envirocare of Utah, Inc.,* 123 F.Supp.2d 1046, 1048 (S.D.Tex.2000) (internal citations omitted). In the absence of an evidentiary hearing on the matter, courts will allow a plaintiff to carry this burden by establishing facts, taken as true, that establish venue. *McCaskey,* 133 F.Supp.2d at 523 (internal citations omitted); *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.1994) (internal citation omitted). The Court will "accept uncontroverted facts contained in the plaintiff's complaint as

true, and resolve any conflicts in the parties' affidavits in the plaintiff's favor." *McCaskey,* 133 F.Supp.2d at 523 (internal citation omitted). While a defendant need not affirmatively disprove all bases for a plaintiff's choice of venue, courts will provide the plaintiff the benefit of the doubt in ascertaining the controlling facts. *Id*.

### B. Forum Selection Clause

Under federal law, a forum selection clause is presumed valid and a party seeking to set it aside must demonstrate that it is unreasonable under the circumstances, i.e., "that the clause results from fraud or overreaching, that it violates a strong public policy, or that the enforcement of the clause deprives the plaintiff of his day in court." *TruGreen Landcare, L.L.C. v. Telfair Cmty. Ass'n, Inc.*, CIV.A. H-12-514, 2013 WL 2147471 (S.D. Tex. May 14, 2013) (citing *M/S Bremen v. Zapata Off-shore Co.,* 407 U.S. 1, 9, 12–13, 15, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).

The key issue here is whether the venue selection clause is mandatory (sometimes called exclusive) or permissive. *Aerus LLC v. Pro Team, Inc.,* No. Civ. A. 304CV1985M, 2005 WL 1131093, *4 (N.D.Tex. May 9, 2005). " 'Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory.' " *Id.*

A forum-selection clause that is ambiguous may not be enforceable. *In re Sterling Chemicals, Inc.*, 261 S.W.3d 805, 808-09 (Tex. App. 2008). An ambiguous clause is one that is reasonably susceptible of more than one meaning. *Id*. A forum-selection clause "subject to opposing, yet reasonable, interpretations" should be construed against the drafting party. *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 957 (5th Cir. 1974). Before determining whether a forum-selection clause is enforceable under the *M/S Bremen* and *Shute* line of cases, the court must determine whether the clause is mandatory (exclusive) or permissive. *Caldas & Sons, Inc.*

*v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). "A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum-selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans,* 376 F.3d at 504, *citing Keaty v. Freeport Indonesia, Inc.,* 503 F.3d 955 (5th Cir.1974); *see also UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia,* 581 F.3d 210, 219 (5th Cir.2009) ("Mandatory forum-selection clauses that require all litigation to be conducted in a specified forum are enforceable if their language is clear.").

"A permissive forum-selection clause authorizes jurisdiction in a particular forum, but does not prohibit litigation elsewhere." *TruGreen Landcare, L.L.C. v. Telfair Cmty. Ass'n, Inc.*, CIV.A. H-12-514, 2013 WL 2147471 (S.D. Tex. May 14, 2013), citing *Aerus,* 2005 WL 1131093, *4, *Peavy,* 2002 WL 449582, at *1. Where the language in the forum-selection clause is not clear, unequivocal, and mandatory, the clause is permissive and jurisdiction in other courts is not precluded. *Caldas & Sons, Inc. v. Willingham,* 17 F.3d 123, 127 (5th Cir.1994).

## V.   ANALYSIS AND DISCUSSION

### A.   *The Forum Selection Clause*

Here, the Court is confronted with a contract provision subject to opposing, yet reasonable, interpretations. Even though Titan Chemicals contends that "it is clear [] the parties agreed that Malaysian courts would have exclusive jurisdiction over disputes of this nature", the "choice of law and submission to jurisdiction" clause is subject to more than one interpretation. The plain language of the clause stating, "[t]he parties submit to the exclusive jurisdiction of the Malaysian courts but this agreement may be enforced by the Company or Officer in any court of

competent jurisdiction". This language does not mandate jurisdiction only in Malaysia. Hence, the language is ambiguous.

Finding this language to be ambiguous, the Court construes it against the defendants, the drafting party. Moreover, the Court finds that the language of the clause to be permissive and even though the clause uses the word "exclusive", use of that term does not automatically mean mandatory. The term must be read in context. In *Keaty,* the Fifth Circuit held, that a forum-selection clause that read "this agreement shall be construed and enforceable according to the law of the State of New York and the parties [must] submit to the jurisdiction of the Courts of New York" fell short of being mandatory. *Keaty,* 503 F.2d at 957. Similarly, in *Caldas*, the same Court held that it was not error for the trial court to retain jurisdiction of the case where the forum selection clause did not clearly indicate that the parties intended to declare Zurich as the exclusive forum. *Caldas*, 17 F.3d at 128.

In the case at bar, the Court holds that the clause should be seen as governing the law of interpretation rather than the location of the dispute. *See Mills Grp. Ltd. v. Oceanografia, S.A. de C.V.*, CIV A H-08-3449, 2009 WL 175083 (S.D. Tex. Jan. 26, 2009).

### B. Forum Non Conveniens

"The *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981); *see also Saqui v. Pride Cent. Am. LLC,* 595 F.3d 206, 211-12 (5th Cir.2010). When applying the doctrine, however, a district court should use the controlling procedural framework set out by the Fifth Circuit in *In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147 (5th Cir.1987) (en banc), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989), *reinstated except as to damages*

by *In re Air Crash Disaster Near New Orleans, La.,* 883 F.2d 17 (5th Cir.1989) (en banc). The procedural framework involves a three-step analysis placing the burden of proof on the defendant to show that the balance of the elements strongly favors dismissal. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), (*superseded on other grounds by* 28 U.S.C. § 1404). The court must determine whether: (1) an alternative forum exists; (2) the "relevant factors of private interest, outweigh the plaintiff's initial choice of forum"; and (3) the relevant public interest is either in balance or disfavors dismissal. *Id.* at 1165-66.

The Curt has conducted a survey of the underlying facts based on the evidence and concludes that a *forum non conveniens* analysis is unnecessary because the parties have expressed their choice(s) in a formal agreement. The parties' forum selection clause presumes that any cause of action between the parties will be litigated in a Malaysian court or "any court of competent jurisdiction". The defendants do not, otherwise, dispute that this Court is a court of competent jurisdiction. Therefore, the Court holds that the forum selection clause "trumps" common law, except in egregious circumstances that are not pled here.

## VI. CONCLUSION

Based on the foregoing Analysis and Discussion, the defendants' motion to dismiss should be, and it is Hereby, DENIED.

SIGNED on this 27th day of November, 2013.

_____
Kenneth M. Hoyt
United States District Judge